UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HARTFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-763 (CEJ) |
| | ) | |
| 3M COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this case to the state court from which it was removed and for attorneys' fees. Defendant Dow Chemical Company (Dow Chemical) has filed a response in opposition.[1]

**I.   Background**

On March 17, 2016, plaintiff James Hartfield commenced this action in the Circuit Court of the City of St. Louis, Missouri, alleging that he developed mesothelioma as a result of exposure to asbestos. Plaintiff's father worked with asbestos and asbestos-containing products during his employment as a pipefitter for Brown & Williamson Tobacco Company from 1941 through 1962. Plaintiff was repeatedly exposed to asbestos dust that permeated his father's clothing. Plaintiff was also exposed to asbestos in 1962 when he worked as a laborer for Rohm & Haas and from 1963 through 1969 when he served in the Indiana National Guard

---

[1]   Plaintiff has filed a motion to strike defendant Dow Chemical's response as untimely and filed without leave of court. [Doc. #38].   Because plaintiff is not prejudiced by the allegedly late filing, the motion to strike will be denied.

Reserve. Plaintiff brings this action against nine defendants whom he alleges manufactured, sold, distributed or installed asbestos-containing products.

Defendant Dow Chemical removed the action to this Court on May 31, 2016, asserting jurisdiction based on diversity of citizenship. It is uncontroverted that the parties are citizens of different states and that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2] See 28 U.S.C. § 1332(a). However, one of the named defendants, J.P. Bushnell Packing and Gasket Company (J.P. Bushnell), is a Missouri corporation whose presence in the case prevents removal. See 28 U.S.C. § 1441(b)(2) (case may not be removed from state court on the basis of diversity jurisdiction if any defendant "properly joined and served" is a citizen of the forum state). Defendant Dow Chemical contends that plaintiff's testimony during his deposition on May 3, 2016, establishes that J.P. Bushnell is fraudulently joined to defeat removal.

## II.  Discussion

### A.  Plaintiff's Motion to Remand

A defendant may remove an action pending in state court to a federal district court that has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). Any doubts about federal jurisdiction are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

"A plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." Knudson v.

---

[2]   Plaintiff is a citizen of Florida and no defendant is incorporated or has its principal place of business in that state. Notice of Removal ¶¶ 6-15 [Doc. #1].

2

Sys. Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011) (internal quotation and citation omitted). Under the doctrine of fraudulent joinder, a "court may disregard the citizenship of a [resident] defendant who was frivolously joined in an effort to defeat removal." In re Genetically Modified Rice Litig., 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where the "applicable state precedent precludes the existence of a cause of action against the defendant." Filla v. Norfolk & S. Ry., 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Id. at 810–11 (citation omitted) (emphasis in original); see also Junk v. Terminix Int'l Co., 628 F.3d 439, 446 (8th Cir. 2010) (no fraudulent joinder where there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved."). A defendant basing jurisdiction on the fraudulent joinder doctrine must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion," because the courts "do not focus on the artfulness of the plaintiff's pleadings." Block v. Toyota Motor Corp., 665 F.3d 944, 948 (8th Cir. 2011) (quoting Knudson, 634 F.3d at 980).

A proper review of whether a defendant has been fraudulently joined focuses on the reasonableness of the factual basis underlying the claims. In re Genetically Modified Rice Litig., 618 F. Supp. 2d at 1052 (citing Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006)). In conducting its inquiry, the Court may consider materials outside the pleadings. Id.; Welk v. GMAC Mortgage, LLC, 850 F. Supp. 2d 976, 995 (D. Minn. 2012) (courts may take "a limited look at evidence outside the pleadings" in determining whether state law might impose liability on

3

facts alleged); see also Block, 665 F.3d at 948 ("In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to determine if there is any factual support for the claims against the allegedly fraudulently joined defendant."). Joinder is fraudulent if the facts with respect to the resident defendant are "shown to be so clearly false as to demonstrate that no factual basis exists for any honest belief on the part of the plaintiff" that a cause of action exists against it. In re Genetically Modified Rice Litig., 618 F. Supp. 2d at 1052 (quoting Morris v. E.I. DuPont De Nemours, 68 F.2d 788, 792 (8th Cir. 1934)). However, if there is doubt as to the truth of the allegations, and if the question as to truth or falsity depends on witness credibility and the weight of the evidence, there is no fraudulent joinder. Id.

Defendant argues that there are no facts to support plaintiff's claim against J.P. Bushnell. Defendant does not dispute that J.P. Bushnell manufactured asbestos-containing materials used in pipefitting during the years that plaintiff and his father worked with or around such products. See Product Catalog [Doc. #19-5]. Rather, defendant argues that plaintiff's deposition testimony establishes that he individually does not have a reasonable basis for proceeding against J.P. Bushnell. It is true that plaintiff testified that he had never heard of J.P. Bushnell and did not know what products J.P. Bushnell produced or whether he or his father ever worked with or around its products. Dep. at 106-07 [Doc. #36-1 at 27]. However, plaintiff's lack of personal knowledge "does not make this information nondiscoverable." Doss v. Airgas-Mid America, Inc., No. 3-12-5123-CV-SW-RED at 3 (W.D. Mo. Feb. 12, 2013) (rejecting argument that plaintiff's inability to identify any evidence that joint compound used in 1980 contained asbestos showed fraudulent joinder). [Doc. #38-

4

1 at 3]. The present case is in the earliest stages of discovery and thus is distinguishable from In re Genetically Modified Rice Litig., on which defendant relies, where there was an extensive factual record available to the court.

Defendant also relies on the decision in Block v. Toyota Motor Corp., 665 F.3d 944 (8th Cir. 2011). The plaintiff in Block filed suit in state court asserting strict products liability claims against Toyota and a number of its affiliates, including a nondiverse dealership. The defendants removed the action to federal court, arguing that the dealership was fraudulently joined to defeat removal. The district court found that plaintiff did not have a colorable claim against the dealership because a state statute barred strict liability claims against sellers unless the plaintiff established the existence of a statutory exception. Id. at 948. On appeal, the plaintiff argued that she had established such an exception because she alleged in her complaint that the dealership had "actual knowledge" of the defect. Plaintiff's argument was unavailing, however, because she did not allege that the dealership had knowledge of the defect when it sold the car and state law did not impose on the dealership a general post-sale duty to warn. Id. at 950. Unlike in Block, plaintiff here make allegations that, if supported by evidence, are sufficient to hold J.P. Bushnell liable. Defendant's assertion that plaintiff has not yet identified the necessary evidence does not demonstrate that the facts with respect to J.P. Bushnell are "clearly false" or that there is no factual basis for plaintiff's claims against it.

Defendant submits the affidavit of Justin Sullivan, J.P. Bushnell's general manager. [Doc. #36-2]. Mr. Sullivan states that, "upon [his] direction, business employees of J.P. Bushnell have searched the business records of J.P. Bushnell." He

5

further states that "J.P. Bushnell has never sold any products of any sort" to Rohm & Haas Company, Louisville Insulation & Supply Company,[3] or Brown & Williamson's facility in Louisville, Kentucky. Missing from this affidavit is any information regarding the dates of the records that were searched or whether J.P. Bushnell products were also sold through independent distributors who might have supplied the products to end-users. Mr. Sullivan's affidavit is not sufficient to establish that there is not a colorable claim against J.P. Bushnell.[4]

Defendant also submits a summary of asbestos suits filed in the St. Louis circuit court in which J.P. Bushnell is named as a defendant. Doc. #36-3. According to defendant's analysis, J.P. Bushnell has entered its appearance in 48% of the cases and filed a responsive pleading in 26%. Defendant also notes that plaintiff has not moved for default against J.P. Bushnell in this case and that no attorney for J.P. Bushnell appeared at plaintiff's deposition. Defendant argues that this evidence clearly demonstrates that plaintiff's counsel do not intend to pursue a claim against J.P. Bushnell and that its joinder as a defendant is fraudulent. This evidence is not relevant to the issue the Court must decide, which is whether defendant has demonstrated that plaintiff's claim against J.P. Bushnell has "no reasonable basis in fact and law." Knudson, 634 F.3d at 980. Defendant has not offered any "authority holding that, where a plaintiff has pled a facially legitimate cause of action, fraudulent joinder is demonstrated by the plaintiff's conduct vis-à-vis that

---

[3]  Louisville Insulation is not named as a defendant. However, plaintiff testified at deposition that in 1962 he was employed by Louisville Insulation and assigned to work at the Rohm and Hass site. Dep. at 15 [Doc. #36-1 at 4].

[4]  Plaintiff has supplemented his remand motion with the transcript of Mr. Sullivan's deposition, taken on July 5, 2016. Mr. Sullivan testified that the company only keeps records for 10 years and does not possess any documents relating to business and sales operations from the before 2005. [Doc. # 47-2 at 15].

defendant during litigation." Harrison v. Volkswagen Group of America, Inc. et al., No. 4:16-CV-740 (CEJ), Memorandum and Order dated May 26, 2016. [Doc. #11 at 4].

Defendant has not met its burden to show that J.P. Bushnell was fraudulently joined and removal of this case is barred by 28 U.S.C. § 1441(b)(2). Plaintiff's motion to remand will be granted.

### B. Plaintiff's Request for Attorneys' Fees

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c), which grants courts the authority "to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the Court declines to find that defendant lacked an objectively reasonable basis for seeking removal. Plaintiff's request for attorneys' fees will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion and supplemental motion to remand [Doc. #19 and # 47] are **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike [Doc. # 38] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that all other pending motions are **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2016.